IN RE LEE.

(No. 82-273—Decided July 14, 1989.)

Court of Common Pleas of Auglaize County.

*John F. Moul,* for Pauline Lee.
*Jerry Johnson,* for Paul Lee.

FREDERICK D. PEPPLE, J. On October 1, 1982, the parties filed a Petition for Dissolution of Marriage in this case, with an attached separation

agreement. On November 3, 1982, the court entered its Decree of Dissolution of Marriage, adopting the separation agreement, which indicated that it was a "full and complete settlement of all alimony and property rights between the parties." The separation agreement, under Article 4, entitled "Child Support," indicated that "it is further agreed that the wife shall have the right to claim the children as dependents for federal, state and local income tax purposes."

On October 20, 1988, the custodial mother moved for an increase in child support, and after extensive discovery, the parties entered into a consent entry increasing support as of February 17, 1989, with a provision for reduction of support to take into account the emancipation of the oldest child as of June 2, 1989. That consent entry further provided that the parties had agreed on all issues except the tax exemptions, and that a hearing would be held on the issue of tax exemptions for the court to determine that sole issue.

The father has requested that this court order that he receive the exemptions, and has set forth significant testimony to show that he could clearly benefit far more from receiving the tax exemptions than does the custodial mother. In fact, there is some indication that the custodial mother may not, pending upon her employment for the remainder of the year, benefit from the second exemption to any significant degree. However, the custodial mother has insisted that she keep the exemptions.

The petitioner father urges the court to award him the exemption, citing *Hughes* v. *Hughes* (1988), 35 Ohio St. 3d 165, 518 N.E. 2d 1213, as authority for the court's jurisdiction and power to make such an award.

The court, in reviewing the Ohio Child Support Guidelines, C.P. Sup. R. 75, finds that the Ohio Child Support Guidelines do not address the issue of exemptions. No reference is made to exemptions being considered, nor is there an reference as to the presumptions used by the creator of the economic model from which those guidelines were taken as to which parent, the obligor or the obligee, is to receive the tax exemptions. Accordingly, there is no provision for taking into account the tax exemptions and the tax ramifications of child support in considering what level to place child support. While such provisions probably should be contained in such guidelines, they are not.

In reviewing *Hughes, supra,* this court notes that the majority opinion held that the tax exemptions for children are "marital property" over which the trial court has jurisdiction to award as a part of the division of marital property in a divorce proceeding.

The court has no jurisdiction, six and one-half years after the entry of a decree of divorce or dissolution, to modify the court's earlier orders on property division or alimony, unless there has been a specific reservation in the original decree as concerning alimony.

In the instant case, the original separation agreement considered the tax exemptions as a part of the child support award, and there are probably many who would consider tax exemptions of dependent children more closely related to an award of child support rather than a division of marital property. Nevertheless, the majority of the court in *Hughes, supra,* has clearly held that the exemptions are marital property, and as such, an award of those exemptions contained in a decree of dissolution or divorce may not be subsequently amended by a court as it does not have subject matter jurisdiction to do so.

The court notes, in reading the majority opinion as well as the dissent in *Hughes, supra,* that the entire issue of

a domestic relations court ordering an award of tax exemptions to the non-custodial parent was addressed as the exemption being "marital property" as opposed to a part of child support. The court would hope that this issue could be reconsidered, or at least the Ohio Child Support Guidelines modified in such a way as to allow for consideration by a trial court of the tax effects of the exemptions.

Even if the minority opinion that a court is without power to order the voluntary relinquishment of the tax exemption by the custodial parent to the non-custodial parent is seen as correct, should not the tax effects upon both parents be a proper factor in considering the appropriate level of support? Should not the assumptions concerning tax exemptions used in the economic model which gave rise to the Ohio Child Support Guidelines be contained within the Ohio Child Support Guidelines, so that a court would know how such child support should be adjusted in a particular case?

While these questions are perhaps appropriate to this particular case, the court is without evidence or testimony concerning them. The parties having stipulated as to the level of support with the result that the sole issue is the disposition of the tax exemptions, the court rules that said tax exemptions are "marital property" to be divided at the time of the decree of dissolution. In this case, the court did award the exemptions to the mother, who is the custodial parent. The court must find that it is without jurisdiction to modify the court's previous orders on the division of this "marital property."

Accordingly, petitioner father's request that the court award the tax exemptions to him is hereby denied.

*Judgment accordingly.*